IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 5:24-CR-____ |
| | § | |
| JEREMEY DOUGAN | § | |

**INFORMATION**

THE UNITED STATES ATTORNEY CHARGES:

**Count One**

Violation: 18 U.S.C. § 641
(Theft of Government Property)

Beginning on or about July 1, 2023, and continuing through January 23, 2024, within the Eastern District of Texas and elsewhere, **Jeremey Dougan**, defendant, did unlawfully steal, purloin, and knowingly retain and convert to his use, a thing of value; to-wit: Gabapentin pills, belonging to the United States and a department and an agency thereof; to-wit: Bureau of Prisons (BOP) Federal Correctional Institution, Texarkana, Texas), knowing that the property had been retained and converted to his own use, in violation of 18 U.S.C. § 641.

**Information - Page 1**

## **NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE**
Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461

As the result of committing the foregoing offense alleged in this information, the defendant herein shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461:

1. any property constituting, or derived from, and proceeds the defendant obtained, directly or indirectly, as the result of such violation;

2. any of the defendant s property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, including but not limited to the following:

**Cash Proceeds:**

A sum of money equal to $181.83 in United States currency and all interest and proceeds traceable thereto, representing the amount of proceeds obtained by the defendant as a result of the offense alleged in this information, for which the defendant is personally liable.

**Substitute Assets:**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with a third person;
(c) has been placed beyond the jurisdiction of the court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 85 3(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by the defendant.

By virtue of the commission of the offense alleged in this information, any and all interest the defendant has in the above described property is vested in the United States

**Information - Page 2**

and hereby forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

        Respectfully submitted,

        DAMIEN M. DIGGS
        UNITED STATES ATTORNEY


        */s/ Jim Noble*
        JIM NOBLE
        Assistant United States Attorney
        Texas Bar No. 15050100
        110 N. College, Suite 700
        Tyler, TX 75702
        Tel: (903) 590-1400
        Fax: (903)-590-1436
        Email: James.Noble@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | NO. 5:24-CR-_____ -Judge Baxter |
| § | |
| JEREMEY DOUGAN § | |

## NOTICE OF PENALTY

### Count One

VIOLATION: 18 U.S.C. § 641 (Theft of Government Property)

PENALTY: A fine of not more than $250,000.00 or two times the pecuniary gain or loss caused by the offense; a term of imprisonment not to exceed one (1) year; a term of supervised release of not more than one (1) year.

SPECIAL ASSESSMENT: $100.00

**Information - Page 4**